UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CRAIG PEDERSON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED; AND DAVID BROWN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>vs.<br><br>AAA COLLECTIONS, INC.,<br><br>Defendant. | 4:22-CV-04166-RAL<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

On March 25, 2024, this Court held a hearing on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. Doc. 51. This Court has reviewed the Motion, the supporting facts and authorities, and the Class Action Settlement Agreement, Doc. 41-1, filed by Plaintiffs and Defendant AAA Collections, Inc. ("Defendant" or "AAA"), among other materials. For good cause, it is

ORDERED that

1. The Court, for the purposes of this Final Judgment adopts the defined terms as described in the Settlement Agreement for any term not otherwise defined herein.

2. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court finds that the Settlement Agreement—which provides for a non-reversionary Settlement Fund of $865,000 to resolve the claims of approximately 60,316 Class Members—is fair, reasonable, adequate, and was entered into in good

1

faith and without collusion. The Court approves and directs consummation of the Settlement Agreement.

4. The Court approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

5. The Court reserves jurisdiction over this action and the Settlement Agreement.

6. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

7. The Court dismisses with prejudice all claims of the Class against AAA in this case, without costs and fees except as explicitly provided for in the Agreement.

8. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement and Notice Plan ("Preliminary Approval Order"), Doc. 43, that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement. The Court previously entered an Order Granting Approval of Attorney Fees, Expenses, and Service Awards, Doc. 49.

9. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published, and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

10. The Court finds AAA has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The Court finds that the Class Representatives are similarly situated to absent Class

Members and are typical of the Class and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class. The Court grants final approval to its appointment of Class Counsel and Class Representatives as provided in the Preliminary Approval Order, appointing the following firms and individuals as Class Counsel: Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; Joseph Lyon of the Lyon Firm, LLC; Rain Borrelli of Turke & Strauss, LLP; and Pamela Reiter of Reiter Law Firm LLC. The Court also appoints Craig Pederson and David Brown as Class Representatives.

12. The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3): individuals identified on the Class List whose certain personal information may have been involved in the Data Incident who do not timely elect to be excluded from the Class.

13. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or conflicting with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to

other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Agreement; having considered Plaintiffs and Class Members' likelihood of success both in maintaining this action as a class action and prevailing on the claims in a data-breach trial, including the possibility that AAA could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery—and that of the Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the Class;

    b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and AAA, with the assistance of Jill R. Sperber, Esq. from Sperber Dispute Resolution;

    c. the outcome of the Litigation is in doubt;

    d. it is possible that the Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less—including the possibility of receiving nothing—and/or that AAA could defeat certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

      g. the aggregate consideration for the Class—including both the Settlement Fund, which AAA shall fund, and other forms of relief AAA agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement, and

      h. the terms of the Settlement Agreement treat the Class Members equitably relative to one another and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution to this Litigation.

Accordingly, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members.

15. Pursuant to the Settlement Agreement and the Court's Order Granting Attorney Fees, Expenses, and Service Awards, Doc. 49, the Settlement Fund shall first be used to pay settlement administration expenses of $107,395.00; Class Counsel attorneys' fees totaling $288,333.33; Class Counsel's costs and expenses of $14,889.86; and a service award to Class Representatives in the amount of $5,000 each. The Settlement Fund shall next be used to pay Class Members' documented out-of-pocket losses up to $5,000, lost time up to $125 (up to 5 hours at $25 per hour), and a pro rata cash payment of any remaining funds to each class member submitting a valid claim.

16. Plaintiffs and Class members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any

capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**IT IS SO ORDERED.**

DATED this 26th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE