UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CRAIG PEDERSON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED; AND DAVID BROWN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>vs.<br><br>AAA COLLECTIONS, INC.,<br><br>Defendant. | 4:22-CV-04166-RAL<br><br>ORDER ADMINISTRATIVELY TERMINATING CASE |

In March 2024, this Court entered an order proposed by the parties entitled Order Granting Final Approval of Class Action Settlement. Doc. 54. Among other things, that Order dismissed "with prejudice all claims of the Class against AAA in this case . . . except as explicitly provided for in the Agreement." Doc. 54 at 2. Although parts of the Order suggested that the parties viewed it as a final judgment, the Order also contained legal findings and reasoning that are not entirely consistent with the separate-document rule set out in Rule 58 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 58 ("Every judgment . . . must be set out in a separate document . . . ."); Jeffries v. United States, 721 F.3d 1008, 1013 (8th Cir. 2013) ("[A]t some point, the inclusion of legal reasoning and authority makes an order into a combined decision and order that is insufficient to constitute a separate document under Rule 58(a)." (cleaned up and citation omitted)); Kidd v. District of Columbia, 206 F.3d 35, 39 (D.C. 2000) ("[O]rders combining the

court's directives with its statement of factual findings or legal conclusions plainly cannot pass muster as separate documents." (citation omitted)).

This Court certified the class under Rule 23(b)(3). Doc. 54 at 3. Rule 23 requires that a judgment in a class action certified under Rule 23(b)(3) must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." Fed. R. Civ. P. 23(c)(3)(B). However, Rule 58(c)(2)(B) states that judgment is entered "if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: . . . (B) 150 days have run from the entry in the civil docket." Fed. R. Civ. P. 58(c)(2)(B). That appears to have occurred here. Accordingly, it is

ORDERED that the Clerk of Court administratively terminate the case, subject to a motion to reopen case as this Court reserved jurisdiction under the terms of the Order Granting Final Approval of Class Action Settlement.

DATED this 10th day of April, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE